CONFORM COPY

1   STEVEN A. ELLIS (SBN 171742)
    *sellis@goodwinprocter.com*
2   **GOODWIN PROCTER** LLP
    601 S Figueroa St., 41st Floor
3   Los Angeles, California 90017
    Tel.: 213.426.2500
4   Fax.: 213.623.1673

5   Attorneys for Defendant:
    *Allied Interstate LLC* f/k/a Allied
6   Interstate, Inc.

7

```
                          FILED
                  CLERK, U.S. DISTRICT COURT

                     OCT 29 2012

                  CENTRAL DISTRICT OF CALIFORNIA
                  BY                      DEPUTY
```

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                 **WESTERN DIVISION**

11                                          CV12-9271  DMG
                                                       (JEMx)
    ALAN HERNANDEZ, individually and
12  on behalf of all others similarly situated    Case No.

13              Plaintiff,              **NOTICE OF REMOVAL**

14        v.
                                         [Removed from Los Angeles Superior
15  ALLIED INTERSTATE, INC., and         Court, Case No. BC 490 944]
    Does 1 through 50 inclusive,
16
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

LIBW/1844941.2

1       Defendants Allied Interstate LLC, formerly known as Allied Interstate, Inc.,

2    and Allied Interstate, Inc. ("Allied"),[1] hereby remove the above-captioned action,

3    currently pending in the California Superior Court of Los Angeles, to the United

4    States District Court for the Central District of California.  Removal is based upon

5    28 U.S.C. § 1332(d) and 1446, as amended in relevant part by the Class Action

6    Fairness Act of 2005 ("CAFA") and authorized by 28 U.S.C. § 1453.

7       As grounds for removal, Allied states the following:

8       1.    On August 24, 2012, Plaintiff Alan Hernandez, on behalf of himself

9    and purportedly on behalf of a class of those similarly situated, filed a complaint

10    (the "Complaint") with the Clerk of the Superior Court of the State of California,

11    County of Los Angeles (the "State Court Action") against Allied Interstate, Inc. and

12    Does 1 through 50.  The State Court Action was assigned Case No. BC490944.  The

13    Complaint is attached hereto within **Exhibit 1**.

14       2.    On September 18, 2012, Plaintiff filed an amendment to the Complaint,

15    replacing Doe #1 with Allied Interstate LLC.  The amendment to the Complaint is

16    also attached hereto within **Exhibit 1**.

17       3.    The Complaint alleges invasion of privacy, pursuant to California Penal

18    Code §§ 630, *et. seq.*, and negligence. *See Complaint*, ¶¶ 35-47.

19       4.    Allied is a Minnesota limited liability company with its principal place

20    of business in New York.  Allied's sole owner/member is iQor US Inc., a Delaware

21    corporation with its principal place of business in New York.[2]  *See* Harmer Decl.,

22    ¶ 3, attached hereto as **Exhibit 4**.

23       5.    Plaintiff is a citizen of California.  *Complaint*, ¶ 9.

---

24    [1] Plaintiff incorrectly names both Allied Interstate, Inc. and Allied Interstate LLC

25    as defendants in this action.  Allied Interstate LLC was formerly known as Allied
Interstate, Inc.; the two are the same entity. *See* Declaration of Gregory E. Harmer

26    ("Harmer Decl."), ¶ 2, attached hereto as **Exhibit 4**.

27    [2] Plaintiff alleges that Allied is "a corporation organized and operating under the
laws of Ohio." *Complaint*, ¶ 10.  Although this is incorrect, the error is immaterial

28    for purposes of this Notice of Removal.

6.     The putative class members are alleged to be "[a]ll persons in California who, within one year from the filing of the complaint to the present, received one or more telephone calls from Allied Interstate, Inc.[,] spoke with a representative on behalf of Allied, and were not provided with notice that the call may be recorded or monitored." *Id*. ¶ 18.  At least one such person (if not most such persons) is a citizen of a state other than Delaware and New York.  *See id*. ¶¶ 10, 18.

7.     This Court has diversity jurisdiction over Plaintiff's putative class action under 28 U.S.C. § 1332(d).

8.     A putative "class action" commenced after the effective date of the CAFA—February 18, 2005—may be removed to the appropriate United States District Court if (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).  This Court has jurisdiction over the State Court Action because all of the requirements for such jurisdiction are met.

9.     First, the State Court Action was commenced on August 24, 2012, over seven years after the CAFA took effect.

10.    Second, the State Court Action is a "class action" within the meaning of the CAFA because it is a "civil action filed under" California Code of Civil Procedure § 382.  *See Complaint*, ¶¶ 1, 6-7, 18-34; *Civil Case Cover Sheet*, ¶ 5 (also attached within **Exhibit 1**).  Section 382 is a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

11.    Third, one or more members of the putative class is a citizen of a state different from Allied.  Allied is a citizen of New York and Delaware for purposes of 28 U.S.C. § 1332.  Allied is a limited liability company and so its citizenship is determined by the citizenship of its owners/members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of

1   every state of which its owners/members are citizens").   Allied's sole

2   owner/member—iQor US Inc.—is a Delaware corporation with its principal place

3   of business in New York, *see* Harmer Decl., ¶ 3, attached hereto as **Exhibit 4**,

4   meaning it is a citizen of those states for diversity.  28 U.S.C. § 1332(c)(1)

5   (citizenship of corporation determined by place of incorporation and principal place

6   of business).  Therefore, for diversity purposes, Allied (via iQor US Inc.) is a citizen

7   of Delaware and New York.  Plaintiff is a citizen of California.  *Complaint*, ¶ 9.  It

8   also is apparent that most, if not all, of the members of the putative class are citizens

9   of states other than New York and Delaware, as the alleged class consists

10   exclusively of persons "in California" and are alleged to be consumers called by

11   Allied.  *See id.* ¶¶ 12, 18, 26, 29.  The CAFA's diversity-of-citizenship requirement

12   is thus met.  The same would be true even if Plaintiff was correct that Allied "is a

13   corporation organized and operating under the laws of Ohio."  *See id.* ¶ 10.

14       12.   Fourth, the amount in controversy at issue in the State Court Action

15   exceeds $5,000,000.

16           (a)   Under 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims

17       of the individual class members shall be aggregated to determine whether the

18       matter in controversy exceeds the sum or value of $5,000,000, exclusive of

19       interest and costs."

20           (b)   The determination of the amount in controversy does not require

21       a prospective assessment of the defendant's liability, but rather simply an

22       estimate of the total amount in dispute.  *See Lewis v. Verizon*

23       *Communications, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010) (amount-in-

24       controversy requirement satisfied where "[t]he Plaintiff is seeking recovery

25       from a pot that Defendant has shown *could exceed* $5 million") (emphasis

26       added).  This "burden is not 'daunting,' and 'a removing defendant is *not*

27       obligated to research, state, and prove the plaintiff's claims for damages.'"

28       *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal.

1    2010) (quoting *Muniz v. Pilot Travel Ctrs. LLC*, No. S-07-0325 FCD EFB,

2    2007 U.S. Dist. LEXIS 31515, at *7 (E.D. Cal. Apr. 30, 2007)) (emphasis in

3    original).

4          (c)    Although Plaintiff did not plead a specific damages amount,

5    there is more than $5,000,000 in controversy in this action.  Plaintiff seeks to

6    recover statutory relief under California Penal Code § 637.2, to be paid to

7    each member of the sought-for class, for allegedly violative

8    recording/monitoring/disclosure without notice or consent.  *Complaint*, ¶¶ 3-

9    5, 21, 29-33, 36-42.  Under California Penal Code § 637.2, the permitted

10   recovery for a violation is the greater of three times the amount of actual

11   damages suffered or $5,000.  Plaintiff does not allege actual damages under

12   the statute, and in fact, seeks "[c]onsequential damages or statutory damages

13   pursuant to California Penal Code § 637.2."  *Complaint*, Relief Requested.

14   Plaintiff also brings a claim for negligence seeking, presumably, actual

15   damages.  *Id.* ¶ 47.  Thus, Plaintiff seeks both statutory damages and actual

16   damages for each alleged violation.  *Id.* ¶¶ 38-39, 42, 47.

17         (d)    Plaintiff alleges that Allied "had a policy and practice of

18   recording and/or monitoring" its telephone conversations with the putative

19   class members and that "these calls were recorded, monitored and/or

20   eavesdropped upon without knowledge or consent of consumers."  *Complaint*,

21   ¶¶ 26, 29.  The Complaint specifically claims that all of Allied's

22   recording/monitoring of California consumers was done "without [their]

23   knowledge or consent."  *See also id.* ¶ 5 ("Defendants' practice of monitoring,

24   recording and/or eavesdropping on consumers' telephone conversations

25   violated *California Penal Code* § 630 *et seq.*"); ¶ 12 ("Plaintiff is further

26   informed and believes, and based thereon alleges, that additional calls that

27   were received in various locations within the state of California, have been

28   bugged, recorded, wiretapped, and/or eavesdropped upon by Defendants, and

*each of them*, without Plaintiff's and proposed class members' consent")
(emphasis added).

(e)     Plaintiff defines the putative class period as "one year from the filing of the complaint to the present." *Id.* ¶ 18.  Plaintiff filed his Complaint on August 24, 2012.  Using just the one-year period between September 2011 and September 2012, Allied completed over 2,500,000 outbound telephone calls to over 1,000,000 telephone numbers bearing a California area code and an associated California address according to Allied's records, where an Allied representative spoke with a person during the call. *See* Declaration of Mason Argiropoulos, ¶ 4, attached hereto as **Exhibit 5**.

(f)     Plaintiff alleges that Allied "had a policy and practice of recording and/or monitoring" its telephone conversations with the putative class members.  *Complaint*, ¶ 26.  In fact, Allied's policy and practice is to record the content of all outbound telephone calls between a call recipient and an Allied representative. *See* Declaration of Edward Rakovsky, ¶ 2, attached hereto as **Exhibit 6**.  Other than the rare call where a technical glitch occurred or that was made from a supervisor's desk telephone, Allied records all such calls. *Id.*  Indeed, even with the uncommon technical glitch or call from a supervisor's desk, the content of more than 90% of all completed outbound calls is recorded, and the actual number is likely much higher. *Id.*

(g)     In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true." See *Campbell v. Vitran Express, Inc.*, 471 Fed. App'x. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  Therefore, for purposes of determining the amount in controversy, the Court must assume that all of "these calls were recorded,

monitored and/or eavesdropped upon without knowledge or consent of consumers." *Complaint*, ¶ 29.[3]

        (h)    Taking as true Plaintiff's allegations that all recorded/monitored conversations were done without the consumer's knowledge and consent, the recovery needed to surpass the $5,000,000 threshold is less than $2.25 per completed call.  It is more likely than not that the amount in controversy exceeds $5,000,000 in light of Plaintiff's alleged statutory recovery of $5,000 per recorded call.  California Penal Code § 637.2.

        (i)    Moreover, as described earlier, Plaintiff alleges that Allied's "practice of monitoring, recording and/or eavesdropping on consumers' telephone conversations violated *California Penal Code* § 630, *et seq*." *Complaint*, ¶ 5.  Even if only 1% of the completed calls were recorded/monitored without the consumer's knowledge or consent—a number that is unlikely to constitute a "practice"—Plaintiff and the putative class members still would need to recover only $200 per call (out of the claimed $5,000 statutory amount) to surpass the $5,000,000 threshold.  *Cf. Campbell*, 471 Fed. App'x. at 649 (the use of "regularly and consistently" and "routinely" denotes a practice).

        (j)    Given the number of telephone calls at issue, Plaintiff's allegation that Allied had a policy and practice of recording/monitoring all completed calls to California consumers without their knowledge and consent, and Plaintiff's request for statutory relief, the total amount in dispute

---

[3] Allied does not concede liability by this statement; as Plaintiff acknowledges, notification and consent are defenses to alleged statutory liability. *Complaint*, ¶¶ 3, 18, 21 (alleging calls were monitored and recorded without notification or consent). Allied "need not concede liability" to establish the jurisdictional amount. *Lewis*, 627 F.3d at 400; *see also Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. App'x 598, 600 (9th Cir. 2011) ("the district court effectively required that CMS admit liability under the TCPA to remove the case to federal court—a result that is incompatible with *Lewis*").

is more likely than not greater than $5,000,000. *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability").

(k)     Plaintiff also seeks damages on behalf of himself and the putative class for negligence. *Complaint*, ¶¶ 43-47. Although Plaintiff does not assert the amount of damages he seeks for the alleged negligence, nor does he describe actual damages in the Complaint, any such amount would also be included in the amount-in-controversy determination.

(l)     Plaintiff also requests attorneys' fees (*Complaint*, Relief Requested), which are considered for purposes of determining the amount in controversy. *See Guglielimno v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("a reasonable estimate of fees likely to be incurred to resolution" counts toward the amount in controversy). Although Allied denies that Plaintiff will be entitled to attorneys' fees or that the California Penal Code § 630, *et seq.*, permits the awarding of such fees, Plaintiff's request for the recovery of attorneys' fees further demonstrates that the CAFA's amount-in-controversy requirement is satisfied here.

13.     Jurisdiction is Mandatory. Jurisdiction is mandatory, not discretionary, under the CAFA because the named defendants are not and were not a citizen of the state where the State Court Action was originally filed, California. The Action therefore does not fall within the exceptions of 28 U.S.C. §§ 1332(d)(3) and (d)(4).

14.     All other requirements for removal under diversity jurisdiction are met, and any exceptions or exclusions are not applicable.

15.     Removal is Timely. The Complaint was received by service upon Allied's counsel on September 28, 2012 and the Notices and Acknowledgements of Receipt were executed and returned on October 4, 2012. Pursuant to California Code of Civil Procedure 415.30(c), "[s]ervice of a summons pursuant to this section

1  is deemed complete on the date a written acknowledgement of receipt of summons

2  is executed." This Notice is being filed with the United States District Court for the

3  Central District of California on October 29, 2012, within 30 days after receipt by

4  Allied of the State Court complaint under California law. *See* 28 U.S.C. § 1446(b);

5  *see also Star Varga v. United Airlines*, 2009 U.S. Dist. LEXIS 64000, at *8-9 (N.D.

6  Cal. July 24, 2009) (time for removal does not begin until after defendant signs and

7  returns the notice and acknowledgment).

8      16.   Removal to Proper Court. This Court is part of the "district and

9  division within which" this action was filed—Los Angeles, California. 28 U.S.C. §

10  1446(a).

11      17.   Pleadings and Process. Appended hereto as **Exhibit 1** are copies of all

12  process, pleadings, and orders served upon Allied in the State Court Action, namely,

13  the summons, the Complaint, the amendment to the Complaint, and other court

14  documents, as well as the attachments thereto. *See* 28 U.S.C. § 1446(a).

15      18.   Consent. There are no other named defendants in this case.  Unnamed

16  defendants, including Doe defendants, are not considered for the consent

17  requirement. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

18      19.   Notice. Attached hereto as **Exhibit 2** is a copy of the Notice of

19  Removal to All Adverse Parties (without exhibits), which will be promptly served

20  upon Plaintiff and filed with the Clerk of the Superior Court of California, for the

21  County of Los Angeles. *See* 28 U.S.C. §§ 1446(a), 1446(d).  Attached hereto as

22  **Exhibit 3** is a copy of a Notice of Filing of Notice of Removal (without exhibits),

23  which will be promptly served upon Plaintiff and filed with the Clerk of the

24  Superior Court of the State of California for the County of Los Angeles. *See* 28

25  U.S.C. § 1446(d).

26      20.   Signature. This Notice of Removal is signed pursuant to Fed. R. Civ.

27  P. 11. *See* 28 U.S.C. § 1446(a).

28

21.    Allied reserves the right to assert any other or additional grounds for removal and for this Court's jurisdiction, should jurisdiction be contested or the grounds stated herein be insufficient.

22.    In the event that the Plaintiff files a request for remand, or the Court considers remand sua sponte, Allied respectfully requests the opportunity to submit additional argument or evidence as may be appropriate or may be requested by the Court, in support of removal.

WHEREFORE, this action should proceed in the United States District Court for the Central District of California, as an action properly removed thereto.

Respectfully submitted

Dated: October 29, 2012          By: _____
                                      STEVEN A. ELLIS
                                      *sellis@goodwinprocter.com*
                                      **GOODWIN PROCTER** LLP

                                      Attorneys for Defendant:
                                      *Allied Interstate LLC* f/k/a Allied
                                      Interstate, Inc.

# EXHIBIT  1

# EXHIBIT  1

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
Michael Righetti (SBN 258541)
**RIGHETTI · GLUGOSKI**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel. (415) 983-0900
Fax. (415) 397-9005

Attorneys for Plaintiff



ORIGINAL FILED

SEP 18 2012

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| **ALAN HERNANDEZ,** Individually and on behalf of all others similarly situated | Case No.:  BC490944 |
| Plaintiff, | **AMENDMENT TO COMPLAINT** |
| **vs.** | **[CCP § 474]** |
| **ALLIED INTERSTATE, INC.,** and Does 1 through 50 inclusive, | |
| Defendants. | |

Plaintiff was ignorant of one defendant's name, stated that fact in the complaint, and designated the defendant by a fictitious name.   That defendant's true name has now been discovered and plaintiff hereby amends the complaint as follows:

---

AMENDMENT TO COMPLAINT
EXHIBIT 1 [CCP § 474]

| TRUE NAME | FICTITIOUS NAME |
|---|---|
| ALLIED INTERSTATE LLC | DOE #1 |

Dated:  September 6, 2012

RIGHETTI · GLUGOSKI

Whitney Hudak
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

AMENDMENT TO COMPLAINT
EXHIBIT 1 [CCP § 474]

MATTHEW RIGHETTI    {SBN: 121012}
JOHN GLUGOSKI       {SBN: 191551}
MICHAEL RIGHETTI    {SBN: 258541}
WHITNEY HUDAK       {SBN: 281245}
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel: (415) 983-0900
Fax:(415) 397-9005

Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 24 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNNA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ALAN HERNANDEZ, Individually and on behalf of all others similarly situated | CASE NO.  BC 4 9 0 9 4 4 |
| | CLASS ACTION |
| Plaintiff, | |
| vs. | COMPLAINT |
| ALLIED INTERSTATE, INC., and Does 1 through 50 inclusive, | 1. INVASION OF PRIVACY 2. NEGLIGENCE |
| Defendants. | |

## INTRODUCTION

**1.**

    COMES NOW, Plaintiff, ALAN HERNANDEZ, (hereinafter "Plaintiff,") an individual over the age of eighteen (18), on behalf of himself and a class of all others similarly situated and for a Cause of Action against Defendants, ALLIED INTERSTATE, INC., and DOES 1-50, inclusive, (hereinafter "Defendants" or "Allied").  Plaintiff, an individual, on behalf of himself and on behalf of all others similarly situated, alleges as follows:

1
COMPLAINT

EXHIBIT 1  -12-

## THE PARTIES, JURISDICTION AND VENUE

### 2.

The Superior Court has jurisdiction over the claims alleged herein pursuant to *California Penal Code* § 630 *et. seq.*

### 3.

Defendant is a debt collection service company.   Without informing customers or obtaining their consent and permission to do so, Defendants engaged in a practice of monitoring, recording, and/or conveying personal identifying information obtained during phone conversations with Plaintiff and the class members.

### 4.

During the course of his conversations with Defendants, Plaintiff disclosed personal and confidential information.

### 5.

Defendants' practice of monitoring, recording and/or eavesdropping on consumers' telephone conversations violated *California Penal Code* § 630 *et. seq.*

### 6.

Plaintiff is a member of a class whose telephone conversations with certain employees of Defendants were, without knowledge or consent of the Plaintiff and class members, eavesdropped upon, bugged, wiretapped, and/or recorded by one or more of the Defendants.

### 7.

Plaintiff brings this action as a class action seeking all appropriate damages and remedies available to him and members of the class proposed herein.

**8.**

All allegations in this complaint are based upon information and belief except for those allegations which pertain to Plaintiff and his counsel.

**9.**

Plaintiff is an individual and a resident of the County of Los Angeles, California. Plaintiff had telephonic communications with certain employees, officers, and/or directors of Allied. Plaintiff is informed and believes, and based thereon alleges, that each of these conversations referenced herein was, without Plaintiff's knowledge or consent, bugged, recorded, wiretapped, and/or eavesdropped upon by Defendants, and each of them all to Plaintiff's harm and damage.

**10.**

Plaintiff is informed and believes, and based thereon alleges that Allied is a corporation organized and operating under the laws of Ohio.

**11.**

Plaintiff is informed, believes, and thereupon alleges that at least some of the wrongful acts alleged herein by Allied were performed or occurred in the County of Los Angeles, State of California.

**12.**

Plaintiff is further informed and believes, and based thereon alleges, that additional calls that were received in various locations within the state of California, have been bugged, recorded, wiretapped, and/or eavesdropped upon by Defendants, and each of them, without Plaintiff's and proposed class members' consent.

**13.**

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of the said fictitious Defendants is legally responsible, negligently or in some other manner, for the events and happenings alleged herein and proximately caused damage to Plaintiff and proposed class members as hereinafter alleged.

**14.**

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope and authority of said agency and employment and/or venture and with the knowledge, consent, permission, and/or ratification of each other and that each Defendant as aforesaid, when acting as alleged herein, acted in concert to commit the acts complained of herein and to engage in a course of conduct in the business practices complained of herein.

**15.**

At all times herein mentioned, Defendants were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

4
COMPLAINT

EXHIBIT 1  -15-

**16.**

At all times herein mentioned, the acts and omissions of Defendants concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**17.**

At all times herein mentioned, Defendants ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

**18.**

This class action is brought pursuant to §382 of the *California Code of Civil Procedure*. The monetary damages and restitution sought by plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The monetary damages sought on behalf of each and every member of the class and as aggregate class damages exceed those jurisdictional limits as well. However, the claims of individual class members, including Plaintiffs, are under the $75,000 jurisdictional threshold for federal court. Further there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes. The class is defined as follows:

All persons in California who, within one year from the filing of the complaint to the present, received one or more telephone calls from Allied Interstate, Inc. spoke with a representative on behalf of Allied, and were not provided with notice that the call may be recorded or monitored.

**19.**

Plaintiff reserves the right under Rule 3.765, *California Rules of Court*, to amend or modify the class description with greater specificity or further division into subclasses or limitations to particular issues.

**Numerosity**

**20.**

The potential class members as defined are so numerous that joinder of all the members is impracticable.   While the precise number of proposed Plaintiff class members has not been determined at this time, Plaintiff is informed and believes that the proposed class encompasses several hundred members.   Plaintiff alleges Defendants' records will provide information as to the number and location of all proposed class members within California.

**Commonality**

**21.**

There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members.   These common questions of law and fact include, without limitation:

    a.   Whether Defendants had a policy of wiretapping, eavesdropping, upon and/or monitoring calls to consumers;

    b.   Whether Defendants implemented their policy of wiretapping, eavesdropping upon and/or monitoring calls to consumers;

    c.   Whether Defendants disclosed to callers that the telephone conversation was being wiretapped, eavesdropped upon and/or monitored;

d.  Whether class members consented to Defendants' wiretapping eavesdropping upon and/or monitoring of such calls;

e.  Whether Defendants' policy of wiretapping, eavesdropping, upon and/or monitoring consumers' calls constituted a violation of *California Penal Code* §§ 631(a), 632(a) and/or 637; and

f.  Whether the named Plaintiff and the class members are entitled to recover damages and the measure of such damages.

g.  Whether the named Plaintiff and the class members are entitled to injunctive relief pursuant to *California Penal Code* § 632.7(b).

**Typicality**

**22.**

The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and the members of the proposed class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**Adequacy of Representation**

**23.**

Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents Plaintiff is competent and experienced in class action litigation.

**Superiority of Class Action**

**24.**

A class action is superior to other available means for the fair and efficient adjudication

7

COMPLAINT

EXHIBIT 1  -18-

of this controversy.  Individual joinder of all proposed Plaintiff class members is not practicable and questions of law and fact common to the proposed class members predominate over any questions affecting only individual members of the proposed class.  Every member of the proposed class has been damages and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

#### 25.

Defendants placed calls to consumers who resided in California.

#### 26.

Plaintiff is informed and believes, and based thereon alleges, that Defendants had a policy and practice of recording and/or monitoring telephone conversations with California consumers.

#### 27.

Plaintiff is informed and believes, and based thereon alleges, that Defendants' employees were directed, trained and instructed to, and did, record, monitor and/or eavesdrop upon these telephone conversations with California consumers.

#### 28.

Defendants installed and/or caused to be installed certain wiretapping, eavesdropping and bugging equipment in Defendants' telephone lines.

#### 29.

Plaintiff is informed and believes and based thereon alleges, that these calls were recorded, monitored and/or eavesdropped upon without knowledge or consent of consumers.

**30.**

The wiretapping, bugging, and eavesdropping equipment was used to listen to telephone conversations of the Plaintiff and proposed class members; this violated *California Penal Code §§ 630 et. seq.*

**31.**

On or about May 3, 2012, Plaintiff Hernandez, while in California, received a telephone call from Defendants. At no time during that conversation was Plaintiff informed by Defendant or by anyone, that the call was being eavesdropped upon, wiretapped, recorded, and/or monitored. At no time did Plaintiff give his consent for the telephone call to be eavesdropped upon, wiretapped, and/or recorded.

**32.**

Plaintiff did not expect that the telephone conversation with Defendant would be overheard or recorded by anyone else. Such recording and/or monitoring was and is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the class proposed herein.

**33.**

Plaintiff was thereafter advised that telephone conversations between Defendants and their consumers, including those conversations with Plaintiff, are recorded.

**34.**

Plaintiff is a victim of the unfair business practices of Defendants.

**FIRST CAUSE OF ACTION
INVASION OF PRIVACY**

9
COMPLAINT

EXHIBIT 1  -20-

COMES NOW, Plaintiff, individually and on behalf of all others similarly situated, as a first, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

### 35.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint.

### 36.

Defendants installed and/or caused to be installed wiretapping, eavesdropping and bugging equipment on their telephone lines.

### 37.

Plaintiff is informed and believes and based thereon alleges, that all these devices were maintained and utilized to overhear, record or bug each and every telephone conversation over said telephone lines.

### 38.

The aforementioned wiretapping, bugging and eavesdropping equipment was used to record and/or listen to the telephone conversations of Plaintiff and members of the class, all in violation of *California Penal Code* §§ 631(a), 632(a) and 632.6(a).

### 39.

Plaintiff is informed and believes and based thereon alleges, that each of the aforesaid telephone communications and the recordings thereof, were disseminated by and between the Defendants, in violation of *California Penal Code* § 637.

### 40.

At no time that these telephone conversations were taking place between Defendants and its employees, managers, officers and directors and Plaintiff and the members of the class, did Defendants or any of their employees, managers, officers, or directors, or any other person, inform Plaintiff or any members of the class that the interceptions, eavesdropping, wiretapping, bugging and recording of their telephone conversations were taking place, and at no time did Plaintiff or any members of the class consent to this activity.

**41.**

Defendants knowing that it was unlawful and a violation of Plaintiff's and the class members' right to privacy, and a violation of *California Penal Code* §§ 630 et. seq., did intrude on Plaintiff's and the class members' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wiretapping, bugging and recording activities in connection with the telephone conversations between Plaintiff and the class members.

**42.**

Based on the foregoing, Plaintiff and the class members are entitled to their statutory remedies and damages including but not limited to those set forth in *California Penal Code* § 637.2 and injunctive relief pursuant to *California Penal Code* § 637.2(b).

WHEREFORE, Plaintiff on his own behalf, and on behalf of all others similarly situated, prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**

11
COMPLAINT

EXHIBIT 1  -22-

## <u>NEGLIGENCE</u>

COMES NOW, Plaintiff, individually and on behalf of all others similarly situated, as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**43.**

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint.

**44.**

Defendants had various statutory and common law duties not to wiretap, eavesdrop upon, record and/or bug their telephone conversations with Plaintiff and the class members without first disclosing to them that their telephone conversations were being recorded.

**45.**

Defendants negligently and recklessly engaged in the aforementioned eavesdropping, wiretapping, recording and bugging activities of Plaintiff and the members of the class. This led to the statutory and common law rights of privacy of Plaintiff and the class members' being invaded, violated, and breached.

**46.**

The unlawful activities of Defendants as alleged in this cause of action and in this complaint were the cause in fact and proximate cause of actual, statutorily-imposed and/or demonstrable damages to Plaintiff and the members of the class. Such damages were proximately caused by Defendants' eavesdropping, wiretapping, recording and bugging of telephone conversations with Plaintiff and members of the class without first notifying Plaintiff and members of the class that their telephone conversations were being recorded.

**47.**

Based on the foregoing, Plaintiff and members of the class suffered damage as a result of the conduct of Defendants.

WHEREFORE, Plaintiff and the class he seeks to represent prays for judgment as hereinafter set forth.

## RELIEF REQUESTED

WHEREFORE, Plaintiff on his own and on behalf of all others similarly situated, prays for judgment as follows:

1. An order certifying this matter as a class action;
2. An order naming counsel herein as class counsel;
3. Consequential damages or statutory damages pursuant to California Penal Code § 637.2
4. Economic Damages
5. Non-economic damages
6. Costs of suit incurred herein;
7. Awarding Plaintiff and the class members their attorneys' fees to the extent permitted by law;
8. Any and all prejudgment interest permitted by law;
9. Such further relief, costs and damages the court deems proper;
10. For injunctive relief pursuant to *California Penal Code* § 637.2(b), enjoining Defendants and their respective successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in conduct violative of *California Penal Code* § 630.

DATED:  August 23, 2012          **RIGHETTI · GLUGOSKI, P.C.**


**Whitney Hudak**
Attorney for Plaintiff

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 24 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Allied Interstate, Inc., and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Alan Hernandez, Individually and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):*  **BC 4 9 0 9 4 4** |

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Righetti Glugoski, P.C., 456 Montgomery Street, Ste. 1400, San Francisco, CA 94104 (415) 983-0900

| | | | |
|---|---|---|---|
| DATE: AUG 24 2012 | **JOHN A. CLARKE** | Clerk, by | , Deputy |
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Allied Interstate Inc.

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>www.accesslaw.com |

EXHIBIT 1  -25-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti {121012} John Glugoski {191551} Michael Righetti {258541}<br>RIGHETTI GLUGOSKI P.C.<br>456 Montgomery Street, Suite 1400, San Francisco, CA 94104<br>TELEPHONE NO.: 415.983.0900          FAX NO.: 415.397.9005<br>ATTORNEY FOR *(Name)*: Alan Hernandez | **CONFORMED COPY<br>OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>**AUG 24 2012**<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Alan Hernandez v. Allied Interstate, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited**  ☐ **Limited**<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | **BC 490944**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400–3.403)* |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☑ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

Whitney Hudak
(TYPE OR PRINT NAME)                                   ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

EXHIBIT 1  -26-

| SHORT TITLE. Alan Hernandez v. Allied Interstate, Inc. | CASE NUMBER BC490944 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 14 ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

EXHIBIT 1  -27-

| SHORT TITLE: Alan Hernandez v. Allied Interstate, Inc. | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons -See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☑ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Judicial Review  Unlawful Detainer

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT 1  -28-

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Alan Hernandez v. Allied Interstate, Inc. | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Alan Hernandez v. Allied Interstate, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 N. Hill Street |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>August 23, 2012</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT 1  -30-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

BC 4 9 0 9 4 4

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2
EXHIBIT 1  -31-

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

EXHIBIT 1  -32-

# R I G H E T T I   G L U G O S K I ,   P . C .

456 MONTGOMERY STREET, SUITE 1400 • SAN FRANCISCO, CA  94104
PHONE: 415.983.0900 • TOLL FREE 800.447.5549
FAX: 415.397.9005 • www.righettilaw.com

---

## ENCLOSURE FOR YOUR INFORMATION

### September 27, 2012

**To:**   **Steven A. Ellis**

---

*Re:*     *Hernandez v. Allied Interstate, Inc. and Allied Interstate, LLC*

---

Enclosed please find 2 sets of all documents in need of service thus far in the above referenced matter. One set for Allied Interstate, Inc. and one set for Allied Interstate, LLC.

See also 2 Notice and Acknowledgments of Receipt documents for each Defendant. Would you kindly sign and date each and PDF the signed Notices to me at sarah@righettilaw.com and **also** enclose the originals in the prepaid envelope to come back to our office.

Feel free to call me with any questions (415) 983-0900

Sincerely,
Sarah Minkus
Paralegal

EXHIBIT 1  -33-

1

2

3

4

5

6

7

ORIGINAL FILED

SEP 07 2012

LOS ANGELES
SUPERIOR COURT

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF LOS ANGELES**

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| | Case No. BC490944 |
| ALAN HERNANDEZ, Individually and on behalf of all others similarly situated,<br>Plaintiff(s),<br><br>vs.<br><br>ALLIED INTERSTATE, INC., and DOES 1 through 50, inclusive<br>Defendant(s). | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All purposes to Judge Elihu M. Berle<br><br>Department 323<br>Date: November 6, 2012<br>Time: 10:00 a.m. |

20

21          This case has been assigned for all purposes to Judge Elihu M. Berle in the

22   Complex Litigation Program.  An Initial Status Conference is set for November 6, 2012, in

23   Department 323 located in the Central Civil West Courthouse at 600 South

24   Commonwealth Avenue, Los Angeles, California 90005.  Counsel for all parties are

25   ordered to attend.

26          The Court orders counsel to prepare for the Initial Status Conference by identifying

27   and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

28   ordered to initiate contact with counsel for defense to begin this process.  Counsel then

1   must negotiate and agree, as possible, on a case management plan.  To this end, counsel

2   must file a Joint Initial Status Conference Action Response Statement five court days

3   before the Initial Status Conference.  The Joint Response Statement must be filed on line-

4   numbered pleading paper and must specifically answer each of the below-numbered

5   questions.  Do not use the Judicial Council Form CM-110 (Case Management Statement).

6          **1.  PARTIES AND COUNSEL:**  Please list all presently-named class

7   representatives and presently-named defendants, together with all counsel of record,

8   including counsel's contact and email information.

9          **2.  POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend

10   to add more class representatives?  If so, and if known, by what date and by what name?

11   Does any plaintiff presently intend to name more defendants?  If so, and if known, by what

12   date and by what name?  Does any appearing defendant presently intend to file a cross-

13   complaint?  If so, who will be named.

14          **3.  IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the

15   wrong person or entity, please explain.

16          **4.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any

17   party believes one or more named plaintiffs might not be an adequate class representative,

18   please explain.  No prejudice will attach to these responses.

19          **5.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class

20   size.

21          **6.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**

22   Please list other cases with overlapping class definitions.  Please identify the court, the

23   short caption title, the docket number, and the case status.

24          **7.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

25   **WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing

26   parties must summarize their views on this issue.

27

28

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)    EXHIBIT 1   -35-

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

    a) Motion to Compel Arbitration,

    b) Demurrers, and/or motions for judgment on pleadings,

    c) Motions to strike,

    d) Motions for summary judgment and summary adjudication,

    e) Early motions in limine,

    f) Early motions about particular jury instructions and verdict forms.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**10. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**11. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**12. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

---

[1] See Code Civ. Proc. § 437c, subd. (s)

**13. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**14. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),
- CaseHomePage (www.casehomepage.com), or
- Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please select one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, _**these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance**_. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case. Although the stay

1   applies to discovery, this stay shall not preclude the parties from informally exchanging

2   documents that may assist in their initial evaluation of the issues presented in this case.

3          Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

4   on counsel for all parties, or if counsel has not been identified, on all parties, within five

5   (5) days of service of this order.  If any defendant has not been served in this action,

6   service is to be completed within twenty (20) days of the date of this order.

7

8   Dated:        SEP 07 2012              _____

9                                          HON. ELIHU M. BERLE
                                           JUDGE OF THE SUPERIOR COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)   -38-

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

EXHIBIT 1 -39-

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - Civil Harassment Mediation
  - Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - Forensic Certified Public Accountant (CPA)
  - Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-6733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT 1   -40-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS**

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                          ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA.  For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621.  The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | *Reserved for Clerk's File Stamp* |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO PARTICIPATE IN**<br>**ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                    ☐ Neutral Evaluation

☐ Arbitration (non-binding)    ☐ Settlement Conference

☐ Arbitration (binding)        ☐ Other ADR Process *(describe)*: _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff   ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

| LAADR 001 (Rev. 04-12)<br>LASC Approved 10-04<br>For Optional Use | **STIPULATION TO PARTICIPATE IN**<br>**ALTERNATIVE DISPUTE RESOLUTION (ADR)** | Cal. Rules of Court, rule 3.221<br>Page 1 of 1 |
|---|---|---|

EXHIBIT 1  -42-

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT 1   -43-

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ (ATTORNEY FOR _____)
        (TYPE OR PRINT NAME)
Date:

_____                    ➢ (ATTORNEY FOR _____)
        (TYPE OR PRINT NAME)
Date:

_____                    ➢ (ATTORNEY FOR _____)
        (TYPE OR PRINT NAME)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

EXHIBIT 1  -45-

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii.  Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i.   Also be filed on the approved form (copy attached);

       ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

> _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT 1   -49-

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT 1   -50-

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/07/12 | | **DEPT.** 323 |
| HONORABLE ELIHU M. BERLE                JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE                      JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #11 | | |
| L. M'GREENE, C.A.      Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 4:00 pm | BC490944 | Plaintiff Counsel | NO APPEARANCES |
| | ALAN HERNANDEZ | | |
| | VS | Defendant | |
| | ALLIED INTERSTATE INC | Counsel | |
| | | | |
| | complex 9-7-12 | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

This case has been randomly assigned to this
department for all purposes.

The Court determines this case to be Complex within
the meaning of Rule 3.400 of the California Rules of
Court.

The Court issues an Initial Status Conference Order.

Initial Status Conference is set for November 6,
2012 at 10:00 a.m. in Department 323.  The Court
stays all proceeding in the case, except for service
of the Summons and Complaint and filing Notices of
Appearance.  The stay will continue at least until
the Initial Status Conference.

At least 10 days prior to the Initial Status
Conference, counsel for all parties must meet and
discuss the issues set forth in the Initial Status
Conference Order issued this date. Compliance with
the Initial Status Conference Order is essential for
assisting the Court and the parties in managing this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are encouraged to informally exchange documents and
information that may be useful for case evaluation.

Page   1 of   3   DEPT. 323

```
MINUTES ENTERED
09/07/12
COUNTY CLERK
```

EXHIBIT 1  -52-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 09/07/12 | DEPT. 323 |

| | | | |
|---|---|---|---|
| HONORABLE ELIHU M. BERLE | JUDGE | S. McKINNEY | DEPUTY CLERK |
| HONORABLE #11 | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. M'GREENE, C.A. | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 4:00 pm | BC490944 | Plaintiff Counsel | NO APPEARANCES |
| | ALAN HERNANDEZ VS ALLIED INTERSTATE INC | Defendant Counsel | |
| | complex 9-7-12 | | |

**NATURE OF PROCEEDINGS:**

Responsive pleadings shall not be filed until
further Order of the Court. However, parties must
file a Notice of Appearance forthwith. The filing of
a Notice of Appearance shall not constitute a waiver
of any substantive or procedural challenge to the
Complaint.

Nothing in this order stays the time for filing an
Affidavit of Prejudice under Code of Civil Procedure
Section 170.6.

Pursuant to Government Code Section 70616
subdivisions (a) and (b), each party is required to
pay fees of $1,000.00 to the Los Angeles Superior
Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith, and file a Proof of Service
in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served a copy of this minute order
upon each party or counsel named below by placing

Page   2 of   3    DEPT. 323

MINUTES ENTERED
09/07/12
COUNTY CLERK

EXHIBIT 1  -53-

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 09/07/12 | DEPT. 323 |
| HONORABLE ELIHU M. BERLE        JUDGE | S. McKINNEY        DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #11 | |
| L. M'GREENE, C.A.        Deputy Sheriff | NONE        Reporter |

| 4:00 pm | BC490944 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | ALAN HERNANDEZ | | |
| | VS | Defendant | |
| | ALLIED INTERSTATE INC | Counsel | |
| | | | |
| | complex 9-7-12 | | |

**NATURE OF PROCEEDINGS:**

the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: September 7, 2012

John A. Clarke, Executive Officer/Clerk


By: _____
            S. McKinney, deputy



Matthew Righetti, Esq.
RIGHETTI GLUGOSKI, P.C.
456 Montegomery Street
Suite 1400
San Francisco, CA  94104




Page   3 of  3   DEPT. 323

| MINUTES ENTERED |
|---|
| 09/07/12 |
| COUNTY CLERK |

EXHIBIT 1  -54-

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew Righetti {121012} John Glugoski {191551}<br>Righetti Glugoski, P.C., 456 Montgomery Street,<br>Suite 1400, San Francisco, CA 94104<br>  TELEPHONE NO.: (415)983-0900     FAX NO. *(Optional):* (415) 397-9005<br>E-MAIL ADDRESS *(Optional):* whitney@righettilaw.com<br>ATTORNEY FOR *(Name):* Alan Hernandez | *FOR COURT USE ONLY* |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles<br>  STREET ADDRESS: 600 S. Commonwealth Ave.<br>  MAILING ADDRESS: 600 S. Commonwealth Ave.<br>  CITY AND ZIP CODE: Los Angeles, CA 90005<br>  BRANCH NAME: Central Civil West | |

PLAINTIFF/PETITIONER:  Alan Hernandez

DEFENDANT/RESPONDENT: Allied Interstate, Inc. and DOES 1-50 inclusive,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC490944 |
|---|---|

TO *(insert name of party being served):* Allied Interstate, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: September 27, 2012

Whitney Hudak
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*
   Civil Case Coversheet, Initial Status Conference Order (Complex Litigation Program), Notice of Case Assignment, Amendment to Complaint CCP 474, Court Order Regarding Newly Filed Actions, Civil Case Coversheet Addendum and Statement of Location, ADR Packet

*(To be completed by recipient):*

Date this form is signed:

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT 1   -55-<br>www.accesslaw.com

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>__ Matthew Righetti {121012} John Glugoski {191551}<br>Righetti Glugoski, P.C., 456 Montgomery Street,<br>Suite 1400, San Francisco, CA 94104<br><br>TELEPHONE NO.: (415)983-0900   FAX NO. *(Optional)*: (415) 397-9005<br>E-MAIL ADDRESS *(Optional)*: whitney@righettilaw.com<br>ATTORNEY FOR *(Name)*: Alan Hernandez | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 600 S. Commonwealth Ave.
MAILING ADDRESS: 600 S. Commonwealth Ave.
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: Central Civil West

PLAINTIFF/PETITIONER:  Alan Hernandez

DEFENDANT/RESPONDENT: Allied Interstate, Inc. and DOES 1-50 inclusive,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC490944 |
|---|---|

TO *(insert name of party being served)*: Allied Interstate, LLC

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: September 27, 2012

Whitney Hudak
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify)*:
   Civil Case Coversheet, Initial Status Conference Order (Complex Litigation Program), Notice of Case Assignment, Amendment to Complaint CCP 474, Court Order Regarding Newly Filed Actions, Civil Case Coversheet Addendum and Statement of Location, ADR Packet

*(To be completed by recipient)*:

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT    56

# EXHIBIT  2

# EXHIBIT  2

1  STEVEN A. ELLIS (SBN 171742)
   *sellis@goodwinprocter.com*
2  **GOODWIN PROCTER LLP**
   601 S Figueroa St., 41st Floor
3  Los Angeles, California 90017
   Tel.: 213.426.2500
4  Fax.: 213.623.1673

5  Attorneys for Defendant:
   *Allied Interstate LLC* f/k/a Allied
6  Interstate, Inc.

7

8                 **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                      **WESTERN DIVISION**

11

12  ALAN HERNANDEZ, individually and    Case No.
    on behalf of all others similarly situated
13                                       **NOTICE OF REMOVAL TO ALL**
               Plaintiff,                **ADVERSE PARTIES**
14
         v.
15                                       [Removed from Los Angeles Superior
    ALLIED INTERSTATE, INC., and         Court, Case No. BC 490 944]
16  Does 1 through 50 inclusive,

17               Defendant.

18

19

20

21

22

23

24

25

26

27

28

                                         EXHIBIT 2   -57-

LIBW/1844936.1

1   To:   Matthew Righetti
          John Glugoski
2         Michael Righetti
          Whitney Hudak
3         RIGHETTI GLUGOSKI, P.C.
          456 Montgomery Street, Suite 1400
4         San Francisco, CA  94104

5         Defendant Allied Interstate LLC f/k/a Allied Interstate, Inc. hereby gives

6   notice of the removal of this action on October 29, 2012 from the Superior Court of

7   the State of California for the County of Los Angeles, to the United States District

8   Court for the Central District of California.  A true and correct copy of the

9   underlying Notice of Removal, without exhibits, is attached hereto as **Exhibit A**.

10

11                                              Respectfully submitted

12

13  Dated: October 29, 2012        By: _____

14                                      STEVEN A. ELLIS
                                        *sellis@goodwinprocter.com*
15                                      **GOODWIN PROCTER** LLP

16                                      Attorneys for Defendant:
                                        *Allied Interstate LLC* f/k/a Allied
17                                      Interstate, Inc.

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2   -58-

LIBW/1844936.1                              1

1

**PROOF OF SERVICE**

2       I am employed in the County of Los Angeles, State of California. I am over the age of 18
3   and not a party to the within action. My business address is: 601 S Figueroa St., 41st Floor, Los
    Angeles, CA 90017.

4       On **October 29, 2012**, I served the following documents by placing a true copy thereof in a
5   sealed envelope(s) on the persons below as follows:

6   **NOTICE OF REMOVAL TO ALL ADVERSE PARTIES**

7   Matthew Righetti                                        Counsel for Plaintiff: *Alan Hernandez*
    John Glugoski                                                          Tel. 415.983.0900
8   Michael Righetti                                                       Fax. 415.397.9005
    Whitney Hudak                                                      matt@righettilaw.com
9   RIGHETTI GLUGOSKI, P.C.
    456 Montgomery Street, Suite 1400                                  mike@righettilaw.com
10  San Francisco, CA 94104                                          whitney@righettilaw.com

11

12  ☐    (MAIL). I placed the envelope for collection and mailing, following our ordinary
         business practices. I am readily familiar with this firm's practice for collecting and
13       processing correspondence for mailing. On the same day that correspondence is placed
         for collection and mailing, it is deposited in the ordinary course of business with the
14       United States Postal Service, in a sealed envelope with postage fully prepaid. I am a
         resident or employed in the county where the mailing occurred. The envelope or
15       package was placed in the mail at Los Angeles, California.

16  ☑    (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained
         by Federal Express , an express service carrier, or delivered to a courier or driver
17       authorized by said express service carrier to receive documents, a true copy of the
         foregoing document in sealed envelopes or packages designated by the express service
18       carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

19       I declare under penalty of perjury that I am employed in the office of a member of the bar
20  of this Court at whose direction this service was made and that the foregoing is true and correct.

21       Executed on **October 29, 2012**, at Los Angeles, California.

22

23  _____          _____
        Kemi Oyemade
        (Type or print name)                  (Signature)

24

25

26

27

28

EXHIBIT 2   -59-

LIBW/1844936.1

# EXHIBIT  3

# EXHIBIT  3

1 STEVEN A. ELLIS  (SBN 171742)
  *sellis@goodwinprocter.com*
2 **GOODWIN PROCTER** LLP
  601 S Figueroa St., 41st Floor
3 Los Angeles, California  90017
  Tel.: 213.426.2500
4 Fax.: 213.623.1673

5 Attorneys for Defendant:
  *Allied Interstate LLC f/k/a Allied Interstate, Inc.*
6

7

8

9     **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10      **FOR THE COUNTY OF LOS ANGELES**

11   **CENTRAL DISTRICT - CENTRAL CIVIL WEST DIVISION**

| 12 | ALAN HERNANDEZ, individually and on behalf of all others similarly situated, | Case No. BC 490 944 |
|---|---|---|
| 13 | | **NOTICE OF FILING OF NOTICE OF REMOVAL** |
| 14 |    Plaintiff(s), | |
| 15 |   vs. | Dept:   323-CCW |
| 16 | ALLIED INTERSTATE, INC., and Does 1 through 50 inclusive, | Judge:   Hon. Elihu M. Berle<br>    600 S. Commonwealth Ave.<br>    Los Angeles, CA  90005 |
| 17 |    Defendant(s). | Complaint Filed: August 24, 2012 |

18

19

20

21

22

23

24

25

26

27

28

1

To:     Office of the Clerk
Superior Court of California, Los Angeles

2

Central Civil West Courthouse
600 S. Commonwealth Avenue

3

Los Angeles, CA 90005

4         Defendants Allied Interstate LLC, formerly known as Allied Interstate, Inc., and Allied

5  Interstate, Inc.,[1] acting through their undersigned counsel, hereby advise the Clerk of this Court that

6  the above-captioned case has been removed to the United States District Court for the Central

7  District of California.  A true and correct copy of the underlying Notice of Removal, without

8  exhibits, is attached hereto as **Exhibit A** for lodging in the Court's filing of this matter.

9         Furthermore, pursuant to 28 U.S.C. § 1446(d), this matter shall proceed no further unless and

10  until the case is remanded to this Court by the United States District Court.

11

12                                  Respectfully submitted,

13

14  Dated:  October 29, 2012        By:   _____

15                             STEVEN A. ELLIS
*sellis@goodwinprocter.com*

16                             **GOODWIN PROCTER** LLP

17                             Attorneys for Defendant:
*Allied Interstate LLC* f/k/a Allied Interstate, Inc.

18

19

20

21

22

23

24

25

26

27

28

_____

[1] Plaintiff incorrectly names both Allied Interstate, Inc. and Allied Interstate LLC as defendants in this action.  Allied Interstate LLC was formerly known as Allied Interstate, Inc.; the two are the same entity.

# PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action.  My residence or business address is:  601 South Figueroa Street, 41st Floor, Los Angeles, California  90017.

On **October 29, 2012**, I served the following document on the person(s) below:

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Matthew Righetti
John Glugoski
Michael Righetti
Whitney Hudak
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104

Counsel for Plaintiff: *Alan Hernandez*
Tel. Tel. 415.983.0900
Fax. Fax 415.397.9005
matt@righettilaw.com

mike@righettilaw.com
whitney@righettilaw.com

☐   (MAIL).  By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at [city] , [state] .

☑   (OVERNIGHT DELIVERY).  By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   (MESSENGER SERVICE)  By messenger service.  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 29, 2012**, at Los Angeles, California.

Kemi Oyemade
(Type or print name)

(Signature)

# EXHIBIT  4

# EXHIBIT  4

## DECLARATION OF GREGORY E. HARMER

I, Gregory E. Harmer, declare as follows:

1.     I am an Executive Vice President at iQor US Inc., which owns 100% of the membership interest in Allied Interstate LLC ("Allied"), a defendant in this action. I make this declaration in support of Allied's notice of removal. I am over the age of 18 and make this declaration based upon my personal knowledge.

2.     As an Executive Vice President at iQor US Inc., I have knowledge about Allied's corporate structure and history. Allied Interstate LLC was formerly known as Allied Interstate, Inc. On January 1, 2011, Allied Interstate, Inc. converted from a corporation to a limited liability company named Allied Interstate LLC and its Federal Employer Identification Number did not change. In other words, Allied Interstate LLC is the same entity as Allied Interstate, Inc.

3.     Allied is a limited liability company registered in Minnesota. Its principal place of business is New York. Allied's sole member/owner is iQor US Inc., a Delaware corporation with its principal place of business in New York.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on October 26, 2012, at New York, New York.

_____
Gregory E. Harmer

EXHIBIT 4    -63-

# EXHIBIT  5

# EXHIBIT  5

## DECLARATION OF MASON ARGIROPOULOS

I, MASON ARGIROPOULOS, declare as follows:

1.      I am a Senior Vice President at iQor US Inc., which owns Allied Interstate LLC ("Allied").  I make this declaration in support of Allied's notice of removal.

2.      As a Senior Vice President at iQor US Inc., I have personal knowledge about Allied's computerized system for tracking and storing call information.  The facts stated in this declaration are based on my personal knowledge and upon my review of Allied's records, and are true and correct to the best of my knowledge.

3.      Allied places numerous telephone calls to individuals in connection with its business.  Allied employs a computerized system to track the calls it places, and the system stores the call information in a database.  Allied maintains records of these calls in the ordinary course of business for a certain period in its database.

4.      I have reviewed Allied's records and concluded that it completed more than 2,500,000 outbound telephone calls between September 2011 and September 2012 to telephone numbers bearing a California area code and that were associated in Allied's records with a California address.  By completed calls, I mean that Allied's records reflect that an Allied representative spoke with a call recipient.  Over 1,000,000 of these completed outbound calls were to unique telephone numbers.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed on October 28, 2012, at New York, New York.

_____
MASON ARGIROPOULOS

EXHIBIT 5   -64-

# EXHIBIT  6

# EXHIBIT  6

## <u>DECLARATION OF EDWARD RAKOVSKY</u>

I, <u>Edward Rakovsky</u>, declare as follows:

1.     I am a Development Manager at iQor US Inc., which owns Allied Interstate LLC ("Allied").  I make this declaration in support of Allied's notice of removal.  I am over the age of 18 and make this declaration based upon my personal knowledge, and if called to testify, I would and could competently do so.

2.     As of July 13, 2012, I became a Development Manager at iQor US Inc., and am familiar with Allied's policies for recording the content of outbound telephone calls.  Allied's present policy has been to record the content of all outbound telephone conversations between an Allied representative and a call recipient.  Allied does so, unless a technical issue arises that causes the recording to fail or the call is placed using a supervisor's desk telephone.  Both of these events are uncommon.  Based on my personal knowledge, any failures to record would constitute fewer than 10% of all outbound calls between an Allied representative and a call recipient.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed on October 28, 2012, at New York, NY.

_Edward Rakovsky_ (signature)
Edward Rakovsky

EXHIBIT 6   -65-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 601 S Figueroa St., 41st Floor, Los Angeles, CA 90017.

On **October 29, 2012**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**NOTICE OF REMOVAL**

Matthew Righetti
John Glugoski
Michael Righetti
Whitney Hudak
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

Counsel for Plaintiff: *Alan Hernandez*
Tel. 415.983.0900
Fax. 415.397.9005
matt@righettilaw.com

mike@righettilaw.com
whitney@righettilaw.com

☐ (MAIL). I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☑ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **October 29, 2012**, at Los Angeles, California.

_____
Kemi Oyemade
(Type or print name)

_____
(Signature)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

$$CV12- \ 9271 \ DMG \ (JEMx)$$

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

#### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
ALAN HERNANDEZ, individually and on behalf of others similarly situated

**DEFENDANTS**
ALLIED INTERSTATE, INC., Allied Interstate LLC, Does #1-50.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Matthew Righetti
John Glugoski
Whitney Hudak
Righetti Glugoski, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Fax: (415) 397-9005

Attorneys (If Known)
Steven A. Ellis (SBN: 171742)
Goodwin Procter LLP
601 S. Figueroa St. 41st Floor
Los Angeles, CA 90017
Telephone: (213) 426-2500
Fax: (213) 623-1672

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** Unknown

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV12-9271**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~~signature~~_ STEVEN A. ELLIS    Date 10/29/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  601 S Figueroa St., 41st Floor, Los Angeles, CA  90017.

On **October 29, 2012**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**CIVIL COVER SHEET**

| | |
|---|---|
| Matthew Righetti | Counsel for Plaintiff: *Alan Hernandez* |
| John Glugoski | Tel. 415.983.0900 |
| Michael Righetti | Fax. 415.397.9005 |
| Whitney Hudak | matt@righettilaw.com |
| RIGHETTI GLUGOSKI, P.C. | |
| 456 Montgomery Street, Suite 1400 | mike@righettilaw.com |
| San Francisco, CA  94104 | whitney@righettilaw.com |

☐     (MAIL).  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☑     (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **October 29, 2012**, at Los Angeles, California.

_____
      Kemi Oyemade
    (Type or print name)

_____
     (Signature)