MATTHEW RIGHETTI {SBN: 121012}
JOHN GLUGOSKI {SBN: 191551}
MICHAEL RIGHETTI {SBN: 258541}
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Tel: (415) 983-0900
Fax: (415) 397-9005

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
JAN 31 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

ALAN HERNANDEZ, Individually and on behalf of all others similarly situated

Plaintiff,

vs.

ALLIED INTERSTATE, INC., ALLIED INTERSTATE, LLC,
and Does 2 through 50 inclusive,

Defendants.

CASE NO.   2:12-CV-09271-DMG-JEM

**CLASS ACTION**

FIRST AMENDED COMPLAINT

1. INVASION OF PRIVACY
2. NEGLIGENCE

## INTRODUCTION

1.

**COMES NOW, Plaintiff, ALAN HERNANDEZ,** (hereinafter "Plaintiff,") an individual over the age of eighteen (18), on behalf of himself and a class of all others similarly situated and for a Cause of Action against Defendants and, (hereinafter "Defendants" or

Plaintiff, an individual, on behalf of himself and on behalf of all others similarly situated, alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

2.

Plaintiff originally filed this action in the Superior Court of Los Angeles County on August 24, 2012 and alleged that said court had jurisdiction over the claims alleged herein pursuant to *California Penal Code* § 630 *et. seq.* The action was subsequently removed to this Court by Defendants pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. §§ 1332(d) and 1446 and authorized by 28 U.S.C. § 1453 (Docket No. 1). Jurisdiction is appropriate in this Court pursuant to CAFA. 28 U.S.C § 1332.

3.

Plaintiff is an individual and a resident of the County of Los Angeles, California and has been at all relevant times. Plaintiff had telephonic communications with certain employees, officers, and/or directors of Allied. Plaintiff is informed, believes, and thereupon alleges that at least some of the wrongful acts alleged herein by Allied were performed or occurred in the County of Los Angeles, State of California.

4.

Defendants are a nationwide debt collection service company. Plaintiff is informed and believes, and based thereon alleges that Allied Interstate, Inc. is a corporation organized and operating under the laws of Ohio, and Allied Interstate, LLC is a limited liability company whose principal place of business in the State of New York. Without informing customers or obtaining their consent and permission to do so, Defendants used their technology to engage in a practice of monitoring and recording telephone conversations, including calls to and from

cellular telephones, without the consent of Plaintiff and similarly situated class members in California. Additionally, Defendants used and/or conveyed personal identifying information obtained during these telephone conversations without the consent of Plaintiff and class members in California.

5.

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of the said fictitious Defendants is legally responsible, negligently or in some other manner, for the events and happenings alleged herein and proximately caused damage to Plaintiff and proposed class members as hereinafter alleged.

**FACTUAL ALLEGATIONS**

6.

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope and authority of said agency and employment and/or venture and with the knowledge, consent, permission, and/or ratification of each other and that each Defendant as aforesaid, when acting as alleged herein, acted in concert to commit the acts complained of herein and to engage in a course of conduct in the business practices complained of herein.

7.

Without informing Plaintiff and other similarly situated class members in California, or obtaining their consent and permission to do so, Defendants used their technology to engage in a policy and practice of monitoring and recording telephone conversations, including calls to and from cellular telephones, without the consent of Plaintiff and similarly situated class members in California. During such telephone calls Defendants sought, discussed, used and/or conveyed personal identifying information

8.

Specifically, on or about May 3, 2012, Plaintiff Hernandez, while in California, received a telephone call from Defendants on his cellular phone. Prior to discussions of a personal and private nature that ensued during the telephone call Plaintiff was not informed by Defendant or by anyone, that the call was being recorded and/or monitored nor did Plaintiff give his consent for the telephone call to be monitored and/or recorded.

9.

Such recording and/or monitoring on a call of this nature was and continues to be highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the class proposed herein.

10.

During the course of his conversations with Defendants, which took place on Plaintiff's cellular telephone, Plaintiff is informed and believes and based on such information and belief alleges that he disclosed personal and confidential information. Plaintiff had a reasonable expectation that the conversation was not being overheard or recorded based on the nature of the call. Defendants were calling Plaintiff regarding the discussion about credit information and

collection of a debt, which is the type of a communication that is conducted on a one-to-one basis since it involves the discussion of sensitive financial information, including but not limited to one's credit worthiness, social security number, credit card numbers, income levels, debt levels, ability to make payments and other sensitive financial information. Due to the sensitive nature of the information, it is reasonable for Plaintiff to have expected that the call was not being recorded or monitored.

11.

Plaintiff is a member of a class whose telephone conversations with certain employees of Defendants were, without knowledge or consent of the Plaintiff and class members, monitoried, recorded and/or eavesdropped on by one or more of the Defendants.

12.

Plaintiff is further informed and believes, and based thereon alleges, that many and perhaps all of Defendants' debt collection calls to consumers in California were monitored and/or recorded without the consumers' knowledge and consent.

13.

Defendants' conduct alleged herein constitutes a violation of Plaintiff's right to privacy as well as the privacy rights of the class members, as well as violates Penal Code Section 630 et seq, and specifically sections 632 and 632.7.

## CLASS ACTION ALLEGATIONS

14.

Plaintiff brings this action as a class action seeking all appropriate damages and remedies available to him and members of the class proposed herein.

FIRST AMENDED COMPLAINT

**15.**

Plaintiff is a member of and seeks to represent the following class:

> All persons in California who, within one year from the filing of the original complaint to the present, received one or more telephone calls from Defendants or placed one or more telephone calls to Defendants and spoke with a representative of Allied, and were not provided with notice that the call was being recorded or monitored.

**16.**

**Numerosity**

The potential class members as defined are so numerous that joinder of all the members is impracticable. While the precise number of proposed Plaintiff class members has not been determined at this time, Plaintiff is informed and believes that the proposed class encompasses several hundred members. Plaintiff alleges Defendants' records will provide information as to the number and location of all proposed class members within California.

**17.**

**Commonality**

There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

a. Whether Defendants had a policy of recording, monitoring and/or eavesdropping upon calls to consumers;

b. Whether Defendants implemented their policy of recording, monitoring and/or eavesdropping upon calls to consumers;

c. Whether Defendants disclosed to callers that the telephone conversation was being wiretapped, eavesdropped upon and/or monitored;

d. Whether class members consented to Defendants' recording and/or monitoring of such calls;

e. Whether Defendants' policy of recording and/or monitoring consumers' calls constituted a violation of *California Penal Code* §§ 632 and/or 632.7;

f. Whether the named Plaintiff and the class members are entitled to recover damages and the measure of such damages.

g. Whether the named Plaintiff and the class members are entitled to injunctive relief pursuant to *California Penal Code* § 632.7(b).

**Typicality**

18.

The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and the members of the proposed class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of the California Penal Code and Plaintiff's and class members' right to privacy.

**Adequacy of Representation**

19.

Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents Plaintiff is competent and experienced in class action litigation. Therefore, Plaintiff and class counsel are adequate.

**Superiority of Class Action**

20.

A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable and

questions of law and fact common to the proposed class members predominate over any questions affecting only individual members of the proposed class. Every member of the proposed class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

## FIRST CAUSE OF ACTION
## INVASION OF PRIVACY

COMES NOW, Plaintiff, individually and on behalf of all others similarly situated, as a first, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

### 21.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint.

### 22.

California Penal Code Section 632(a) makes it illegal to "intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio."

### 23.

California Penal Code Section 632.7 makes it illegal to, "without the consent of all parties to a communication, intercept or receive and intentionally record, or assist in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless

telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.

24.

Plaintiff is informed and believes and based thereon alleges that Defendants monitored and recorded calls as described in detail above and in violation of Cal. Penal Code Sections 632 and 632.7. Further, Plaintiff is informed and believes and based thereon alleges that Defendants maintained and utilized devices to overhear, record, monitor and/or eavesdrop each and every debt collection telephone conversation with consumers in California without their consent, thereby violating these provisions.

25.

Plaintiff is informed and believes and based thereon alleges, that each of the aforesaid telephone communications and the recordings thereof, were disseminated by and between the Defendants and other third parties, for purposes which Plaintiff cannot now be certain, in violation of *California Penal Code § 637*.

26.

At no time did Plaintiff or any members of the class consent to the monitoring, recording, eavesdropping and/or dissemination alleged to have occurred by this Complaint.

27.

Based on the foregoing, Plaintiff and the class members are entitled to their statutory remedies and damages including but not limited to those set forth in *California Penal Code §* 632, 632.7, 637, 637.2 and injunctive relief pursuant to *California Penal Code § 637.2(b)*.

WHEREFORE, Plaintiff on his own behalf, and on behalf of all others similarly situated, prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

COMES NOW, Plaintiff, individually and on behalf of all others similarly situated, as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

28.

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint.

29.

Defendants had various statutory and common law duties not to record, monitor and/or eavesdrop upon their telephone conversations with Plaintiff and the class members without first disclosing to them that their telephone conversations were being recorded. Plaintiff and class members had a reasonable expectation of privacy during those telephone conversations because the subject of the telephone calls related to credit and debt collection involving discussion about and conveyance of sensitive financial information, and Defendant had a duty to disclose to Plaintiff and class members that the calls were being recorded.

30.

Defendants breached their duty by negligently and recklessly eavesdropping upon, recording and monitoring telephone conversations between Defendants and Plaintiff and the members of the class without disclosing that they were engaging in such conduct.

31.

The unlawful activities of Defendants as alleged in this cause of action and in this complaint were the cause in fact and proximate cause of actual, statutorily-imposed and/or

demonstrable damages to Plaintiff and the members of the class. Such damages were proximately caused by Defendants' recording and/or monitoring telephone conversations with Plaintiff and members of the class without first notifying Plaintiff and members of the class that their telephone conversations were being recorded.

32.

Based on the foregoing, Plaintiff and members of the class suffered damage as a result of the conduct of Defendants.

WHEREFORE, Plaintiff and the class he seeks to represent prays for judgment as hereinafter set forth.

### RELIEF REQUESTED

WHEREFORE, Plaintiff on his own and on behalf of all others similarly situated, prays for judgment as follows:

1. An order certifying this matter as a class action;
2. An order naming counsel herein as class counsel;
3. Consequential damages or statutory damages pursuant to California Penal Code § 637.2
4. Economic Damages
5. Non-economic damages
6. Costs of suit incurred herein;
7. Awarding Plaintiff and the class members their attorneys' fees to the extent permitted by law;
8. Any and all prejudgment interest permitted by law;
9. Such further relief, costs and damages the court deems proper;
10. For injunctive relief pursuant to *California Penal Code* § 637.2(b), enjoining Defendants and their respective successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in conduct violative of *California Penal Code* § 630.

DATED: January 29, 2013                    **RIGHETTI · GLUGOSKI, P.C.**

/s Michael Righetti
**Michael Righetti**
Attorney for Plaintiff

11
FIRST AMENDED COMPLAINT

demonstrable damages to Plaintiff and the members of the class. Such damages were proximately caused by Defendants' recording and/or monitoring telephone conversations with Plaintiff and members of the class without first notifying Plaintiff and members of the class that their telephone conversations were being recorded.

32.

Based on the foregoing, Plaintiff and members of the class suffered damage as a result of the conduct of Defendants.

WHEREFORE, Plaintiff and the class he seeks to represent prays for judgment as hereinafter set forth.

## RELIEF REQUESTED

WHEREFORE, Plaintiff on his own and on behalf of all others similarly situated, prays for judgment as follows:

1. An order certifying this matter as a class action;
2. An order naming counsel herein as class counsel;
3. Consequential damages or statutory damages pursuant to California Penal Code § 637.2
4. Economic Damages
5. Non-economic damages
6. Costs of suit incurred herein;
7. Awarding Plaintiff and the class members their attorneys' fees to the extent permitted by law;
8. Any and all prejudgment interest permitted by law;
9. Such further relief, costs and damages the court deems proper;
10. For injunctive relief pursuant to *California Penal Code* § 637.2(b), enjoining Defendants and their respective successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in conduct violative of *California Penal Code* § 630.

DATED: January 29, 2013

RIGHETTI · GLUGOSKI, P.C.

Michael Righetti
Attorney for Plaintiff

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause.

On **January 30, 2013**, I electronically filed the following document(s) using the CM/ECF system.

**FIRST AMENDED COMPLAINT**

Steven A. Ellis
Goodwin Procter LLP
601 South Figueroa Street. 41st Floor
Los Angeles, CA 90017

Thomas M. Hefferon
Goodwin Procter LLP
901 New York Avenue
Washington, DC 20001

(X)  **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Wednesday, January 30, 2013 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **January 30, 2013,** at San Francisco, California.

_____
Sarah Minkus