1  THOMAS M. HEFFERON (*pro hac vice*)
   thefferon@goodwinprocter.com
2  JEFFREY D. SKINNER (SBN 239214)
   jskinner@goodwinprocter.com
3  **GOODWIN PROCTER LLP**
   901 New York Avenue
4  Washington, DC  20001
   Tel.:  202.346.4000
5  Fax.:  202.346.4444

6  STEVEN A. ELLIS (SBN 171742)
   sellis@goodwinprocter.com
7  **GOODWIN PROCTER LLP**
   601 South Figueroa Street, 41st Floor
8  Los Angeles, CA  90017
   Tel.:  213.426.2500
9  Fax.:  213.623.1673

10 Attorneys for Defendant:
   *Allied Interstate LLC f/k/a*
11 *Allied Interstate, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ALAN HERNANDEZ, individually and on behalf of all others similar situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, INC.; ALLIED INTERSTATE LLC; and DOES 2 through 50 inclusive,<br><br>　　　　　Defendants. | Case No. 2:12-cv-09271-DMG-JEM<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Judge:　　Hon. Dolly M. Gee<br>Magistrate:  Hon. John E. McDermott<br><br>**[DISCOVERY MATTER]** |

The parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of Plaintiff Alan Hernandez, Defendant Allied Interstate LLC f/k/a Allied Interstate, Inc., other parties who may be added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, or constitute or contain trade secrets.  As a result, the parties believe good cause exists to enter into a protective order to protect such Information.  Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner which protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information.  Nothing in this Order is intended, or shall be construed, to expand or restrict the scope of discoverable materials, or affect the scope of materials that may be designated as confidential and subject to any protective order, and shall not otherwise affect any person's burden or duty to comply with the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 26.

NOW, WHEREFORE, good cause having been shown, the parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1.     Nothing herein shall be deemed:  (1) a waiver of any objection any party or non-party may raise to the production of any documents and in support of a refusal to produce such documents, or (2) an admission to the relevancy of the documents requested or produced.

2.     This Protective Order governs the handling of Information, including, but not limited to:  documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, and any copies, excerpts, summaries or descriptions of such documents and information.

3. Any party or other person producing any Information in response to a discovery request or subpoena in this action (a "Producing Person") may unilaterally and in good faith designate such Information as "Confidential" in accordance with Paragraphs 4 and 5 below.  Any non-party that wishes to take advantage of this protective order shall sign <u>Exhibit A</u>.

4. Information may be designated as "Confidential" if the following two criteria are met:  (a) the information contained or expressed therein has not been disclosed to the public, and (b) if public disclosure of such information is either restricted by law or would, in the good faith opinion of the Producing Person, adversely affect its business, commercial, financial, or personal interests, or be reasonably likely to pose a risk of significant harm to the Producing Person's competitive or financial position.  Such information includes, but is not limited to, audio recordings containing personal information, account records of consumers, and proprietary database information and internal policies and procedures.  Furthermore, information may be designated as "Confidential" if the information in the good-faith opinion of the Producing Person contains (a) trade secrets or other commercially sensitive, confidential research, development or commercial information, or highly sensitive or personal financial information, and (b) the confidential designation is consistent with the standards set forth in the Federal Rules and relevant case law or if the party has a business, commercial, financial, or personal interest in protecting the information.

5. Information may be designated as Confidential by stamping such designation on the Information or electronic media containing the Information.  Any Confidential Information not reduced to documentary, tangible or physical form or which cannot conveniently be designated, including but not limited to data contained in any electronic form, shall be designated Confidential by informing the receiving party in writing that the information is confidential.  If any party produces Confidential material stored electronically, including but not limited to production of

magnetic diskettes or downloaded or uploaded files transferred by any method, then all of that information retains its Confidential nature regardless of whether the information is manipulated or converted to any other media including but not limited to the creation of print-outs or other hard copies and conversions or manipulation of data for whatever purpose including but not limited to conversions or manipulation for processing by any other computer hardware or software.  The party must make a good faith effort to label such media as confidential, but must not alter the document's native integrity in doing so.

6. Neither the designation by a party of any document, information or deposition testimony as Confidential hereunder, nor its receipt by the other party, shall constitute a concession that the document, information or deposition testimony is confidential.  But the receiving party will treat all Information designated "Confidential" as designated and in the manner described below unless and until the parties agree otherwise or the Court orders otherwise.

7. A party objecting to the designation of Information as "Confidential" (the "Objecting Party") shall provide written notice of the objection to the Producing Party, specifying the materials that are the subject of the objection and detailed grounds for the objection.  Within ten (10) days after such objection, the parties shall confer in good faith in an effort to resolve the objection pursuant to Local Rule 37-1.  If the parties cannot resolve the objection informally, within the earlier of 21 days of the written notice of objection or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, the Producing Party shall provide its portion of the joint stipulation required under Local Rule 37-2 to the Objecting Party.  The parties shall prepare and file the joint stipulation pursuant to the procedure set forth in Local Rule 37-2.  Failure by the Producing Party to timely provide its portion of the joint stipulation to the Objecting Party shall automatically waive the confidentiality designation for each challenged designation.  The burden of persuasion in any such challenge proceeding shall be on the Producing Party.  Frivolous

challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Objecting Party to sanctions. Unless the Producing Party has waived the confidentiality designation by failing to provide its portion of the joint stipulation as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8. Except as provided herein, or upon order of the Court, without prior express written permission from the Producing Party, counsel shall not deliver, exhibit, or disclose any Information designated as "Confidential" to any person(s), organization(s), or group(s), except those permitted by Paragraphs 10 through 14 below, and shall not discuss any such Information with any person(s), organization(s), or group(s), except those permitted by Paragraphs 9 through 13 below.

9. Information designated as "Confidential" may be used solely by the parties to this litigation and only in preparation for and during the trial of this action, all post-trial proceedings, or mediation or arbitration of the issues raised in this litigation. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action, although upon receiving such a subpoena, the receiving party must notify the disclosing party within two business days to give the disclosing party an opportunity to object. The parties stipulate that Confidential Information obtained through discovery in this action will be held in strict confidence and shall not be disclosed, except as otherwise provided herein, to any person other than:

    a) the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

    b) counsel to all parties in this litigation, including "outside" counsel of any party's members, and the counsel's regular and temporary employees and service vendors;

   c) author(s), addressee(s), subject(s), and recipient(s) of the Confidential Information;

   d) experts and consultants (and their employees, agents or other persons hired or used by them) employed by or retained by any of the parties to this litigation or their counsel who are assisting counsel in the prosecution or defense of this litigation pursuant to the provisions of Paragraph 10 below;

   e) actual or potential deponents or witnesses in this action, and their counsel, during the course of their depositions or testimony or, to the extent necessary, in preparation for such depositions or testimony, subject to the notice provision in Paragraph 10 below;

   f) the parties to this litigation; and

   g) stenographers engaged to transcribe depositions conducted in this action.

  10. Except by written consent of the Producing Person, each person (other than those in the categories noted in Paragraph 9(a) through 9(c), 9(e) (if that person will be given Confidential Information only during the course of his or her deposition or testimony) and 9(f)) to whom Information designated as "Confidential" may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the declaration attached as Exhibit A, prior to the time he or she receives such Information in any form whatsoever, that he or she has read the Protective Order and understands its terms and agrees to be bound by its terms. Counsel disclosing Information designated as "Confidential" to any such person shall retain the original executed copy of the declaration and is required to disclose the executed declarations to opposing counsel.

  11. Counsel may make copies of Information designated as "Confidential" for the purpose of filing copies with the Court. However, any Information designated as "Confidential," or copies thereof, or any pleading, memorandum of law, motion or other document submitted to the Court disclosing any such Information, shall be filed

under seal pursuant to this stipulation (as described in Local Rule 79-5.1) and order if the Court permits, and upon such terms as the Court deems proper, and shall remain under seal, unless or until modified by Court order.

12. Failure to designate Information as "Confidential" using the procedures described above shall not waive a party's right to later so designate such material as confidential. Once such a designation is made by written notice and new copies of properly marked materials sent to all counsel in the litigation, the designated Information shall be treated thereafter as "Confidential" in accordance with this Stipulation and Protective Order. In the event that there is an interval between the written notice and the provision of new copies of properly marked materials, the parties shall use their best efforts to treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

13. With respect to Information produced by a party as to which the party inadvertently failed at the time of production to assert a claim of attorney-client privilege or work product immunity, such production shall not be a waiver of that privilege or immunity claim. Assertion of the privilege or claim of immunity shall be made by written notice as soon as practicable after learning of the inadvertent disclosure. Within fifteen (15) days after receiving a written request from the Producing Person, a party receiving such Information must return it and all copies thereof to the Producing Person or destroy the Information and copies thereof regardless of whether the receiving party contests the Producing Person's claim of privilege or immunity. The cost, if any, for returning such Information from the paper or electronic files of the receiving party shall be borne by the Producing Person. A party may, by motion, after conferring with opposing counsel in a good-faith effort to resolve by agreement any dispute regarding the Producing Person's assertion of attorney-client privilege or work product immunity, contest the Producing Person's claim of privilege or immunity. Nothing in this provision is designed to limit the

parties' rights regarding inadvertent disclosure of privileged materials under Federal Rule of Civil Procedure 502.

14. Subject to the provisions herein and the Federal Rules, deposition transcripts or portions of deposition transcripts may be designated "Confidential" within fifteen (15) days of transcription of a transcript. Any deposition transcript shall be treated as Confidential until fifteen (15) days after its transcription, or as otherwise agreed by the parties.

15. This Protective Order shall not affect:

    a) any party's right to seek an order compelling discovery with respect to any discovery request;

    b) any party's right to object to any discovery or the production of any information or documents;

    c) any party's right to use or object to the admission of any evidence on any grounds in any proceeding herein; or

    d) any party's right to use its own documents produced in this litigation with complete discretion; however the producing party shall seasonably notify all other parties of any change in circumstance concerning justification for Confidential treatment (*e.g.*, public disclosure of the material through means other than through this litigation).

16. Upon the happening of both: (a) the expiration of 15 days after final resolution of this Litigation, including all appeals, and (b) demand by the producing party, all Information designated as "Confidential" shall be returned to the Producing Person including all copies made of Information designated as "Confidential." Alternatively, such Information may be destroyed by the receiving party. Attorney impressions regarding Confidential Information need not be destroyed or returned, but shall continue to be otherwise protected under this Order.

17. This Protective Order may be modified by further order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided

that any such agreement shall be in the form of a written stipulation filed with the clerk of the Court and made a part of the record in this case.

IT IS SO ORDERED:

Dated: March 6, 2013                     */s/John E. McDermott*
                                         HON. JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE

SEEN AND AGREED TO:

By: /s/ Matthew Righetti *(w/ permission)*     By: /s/ Jeffrey D. Skinner
MATTHEW RIGHETTI
*matt@righettilaw.com*
JOHN GLUGOSKI
*john@righettilaw.com*
MICHAEL RIGHETTI
*mike@righettilaw.com*
**RIGHETTI GLUGOSKI, PC**
456 Montgomery Street
Suite 1400
San Francisco, CA 94104
Tel. 415.983.0900
Fax. 415.397.9005

Attorneys for Plaintiff:
*Alan Hernandez*

Dated: March 5, 2013

THOMAS M. HEFFERON (*pro hac vice*)
*thefferon@goodwinprocter.com*
JEFFREY D. SKINNER (SBN 239214)
*jskinner@goodwinprocter.com*
**GOODWIN PROCTER LLP**
901 New York Avenue
Washington, DC 20001
Tel.: 202.346.4000
Fax.: 202.346.4444

STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: 213.426.2500
Fax.: 213.623.1673

Attorneys for Defendant:
*Allied Interstate LLC f/k/a
Allied Interstate, Inc.*

Dated: March 5, 2013

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ALAN HERNANDEZ, individually and on behalf of all others similar situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLIED INTERSTATE, INC.; ALLIED INTERSTATE LLC, and DOES 1 through 50 inclusive,<br><br>　　　　Defendants. | Case No. 2:12-cv-09271-DMG-JEM |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

　　I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Hernandez v. Allied Interstate Inc., et al*, No. 2:12-cv-09271-DMG-JEM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

　　I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature:_____